1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    UNITED STATES OF AMERICA,

4              v.                        17 CR 127 (KMW) (BCM)

5    JOSEPH MELI,

6              Defendant.

7    ------------------------------x

8                                   New York, N.Y.
                                    October 31, 2017
9                                   10:40 a.m.

10

     Before:
11
                    HON. BARBARA C. MOSES,
12
                                    Magistrate Judge
13

14                       APPEARANCES

15   JOON H. KIM
          Acting United States Attorney for the
16        Southern District of New York
     ELISHA KOBRE
17   BRENDAN FRANCIS QUIGLEY
          Assistant United States Attorneys
18
     KASOWITZ, BENSON, TORRES LLP (NYC)
19        Attorneys for Defendant
     BY:  DANIEL J. FETTERMAN
20        JEFFREY R. ALEXANDER

21

22

23

24

25

```
1              (Case called)

2              THE DEPUTY CLERK:  Counsel, state your name for the

3   record.

4              MR. KOBRE:  Yes.  Good morning, your Honor.  Elisha

5   Kobre and Brendan Quigley for the government.

6              THE COURT:  Good morning, Mr. Kobre and Mr. Quigley.

7   Please be seated.

8              MR. FETTERMAN:  Daniel Fetterman and Jeffrey Alexander

9   for Mr. Meli.

10             THE COURT:  Good morning, counsel, and good morning,

11  Mr. Meli.

12             I am Magistrate Judge Moses.  I understand that we are

13  here for a change of plea.

14             Mr. Fetterman, I have been told that your client,

15  having previously pleaded not guilty, now wishes to plead

16  guilty to Count Five of the indictment in this matter.

17             Is that correct?

18             MR. FETTERMAN:  That's correct, your Honor.

19             THE COURT:  Mr. Meli, I have before me a document

20  entitled Consent to Proceed Before a United States Magistrate

21  Judge on a Felony Plea Allocution which I'm holding up.

22             Is that your signature on the form?

23             THE DEFENDANT:  Yes, your Honor.

24             THE COURT:  What this form says is that you know you

25  have a right to have your plea taken by a United States
```

1    district judge, but you are agreeing to have your plea taken by

2    a United States magistrate judge, which is what I am.

3            As a magistrate judge, I have the authority to take

4    your plea, with your consent.  You have all of the same rights

5    and protections as if you were pleading before a district

6    judge, and if you plead guilty, you will be sentenced before a

7    district judge.

8            Did you sign the consent form voluntarily?

9            THE DEFENDANT:  Yes, Judge.

10           THE COURT:  Before signing the form, did your lawyers

11   explain it to you?

12           THE DEFENDANT:  Yes, your Honor.

13           THE COURT:  Do you wish to proceed with your plea in

14   my courtroom this morning?

15           THE DEFENDANT:  Yes, Judge.

16           THE COURT:  Thank you.  You may be seated, unless I

17   tell you otherwise.

18           As I discussed with your counsel, Mr. Meli, I've been

19   informed that you wish to change your plea and enter a plea of

20   guilty as to the charge alleged against you in Count Five of

21   the indictment.

22           Is that correct?

23           THE DEFENDANT:  That is correct.

24           THE COURT:  Before deciding whether to accept your

25   guilty plea, I need to ask you certain questions.  It's

1   important that you answer my questions honestly and completely.

2   The purpose of the questions is to make sure that you

3   understand your rights, to make sure that you are pleading

4   guilty of your own free will, and to make sure that you're

5   pleading guilty because you are guilty and not for any other

6   reason.

7           Do you understand what I'm saying?

8           THE DEFENDANT:  Yes, your Honor.

9           THE COURT:  If you don't understand any of my

10  questions or if you simply want a moment to consult with your

11  lawyer, please let me know.  It is important that you

12  understand the question before you answer it.

13          I will ask the courtroom deputy to swear the

14  defendant.

15          (Defendant sworn)

16          THE COURT:  Mr. Meli, you're now under oath.  What

17  that means is that if you answer any of my questions

18  intentionally falsely, you could be prosecuted for perjury.

19          Do you understand that?

20          THE DEFENDANT:  Yes.

21          THE COURT:  We'll begin with an easy question.

22          Please state your full name.

23          THE DEFENDANT:  Joseph Gerald Meli.

24          THE COURT:  Thank you.

25          How old are you?

1          THE DEFENDANT:  Forty-three years of age.

2          THE COURT:  Are you a U.S. citizen?

3          THE DEFENDANT:  Yes, ma'am.

4          THE COURT:  What's your highest educational degree?

5          THE DEFENDANT:  I'm a few credits shy of a bachelor's

6    in liberal arts.

7          THE COURT:  So you attended college but didn't get a

8    bachelor's degree?

9          THE DEFENDANT:  Correct.

10         THE COURT:  When were you in college?

11         THE DEFENDANT:  1996.

12         THE COURT:  What were you studying?

13         THE DEFENDANT:  Political science.

14         THE COURT:  So I take it you have no difficulty

15   reading or writing?

16         THE DEFENDANT:  I have no difficulty reading or

17   writing.

18         THE COURT:  Thank you.

19         Are you now or have you recently been under the care

20   of a doctor, a psychiatrist, or a psychologist for any reason?

21         THE DEFENDANT:  I have seen a therapist to help me

22   during this period of time, your Honor.

23         THE COURT:  To help you in connection with the

24   criminal prosecution that brings us here?

25         THE DEFENDANT:  That's correct.

1          THE COURT:  Are you still seeing that therapist?

2          THE DEFENDANT:  Yes.

3          THE COURT:  As part of your treatment with this

4    therapist, are you prescribed any medication?

5          THE DEFENDANT:  I was prescribed, prior to this,

6    Wellbutrin for some low-level depression.

7          THE COURT:  Are you still taking the Wellbutrin?

8          THE DEFENDANT:  Yes, your Honor.

9          THE COURT:  Do you take any other medicines, drugs, or

10   pills on a regular basis, whether or not prescribed by a

11   doctor?

12         THE DEFENDANT:  Yes.  I table Synthroid, which is

13   because I have no thyroid from a bout with thyroid cancer.

14         THE COURT:  Anything else?

15         THE DEFENDANT:  No.

16         THE COURT:  So it's the Wellbutrin and the Synthroid?

17         THE DEFENDANT:  Correct.

18         THE COURT:  Do you have any condition that affects

19   your ability to see or to hear?

20         THE DEFENDANT:  No.

21         THE COURT:  Do you have any condition that affects

22   your ability to think or to understand or to make judgments or

23   decisions on your own behalf?

24         THE DEFENDANT:  No, your Honor.

25         THE COURT:  Does either the Synthroid -- excuse me if

1    I'm mispronouncing it -- or the Wellbutrin interfere with your

2    ability to think or to understand or to make judgments?

3           THE DEFENDANT:  No, your Honor.

4           THE COURT:  In the last 24 hours, have you consumed

5    any alcohol?

6           THE DEFENDANT:  No, your Honor.

7           THE COURT:  In the last 24 hours, have you taken any

8    other drugs, medicine, or pills, whether or not prescribed by a

9    doctor?

10          THE DEFENDANT:  No, your Honor.

11          THE COURT:  Is your mind clear today?

12          THE DEFENDANT:  Yes, your Honor.

13          THE COURT:  Do you understand what is happening in

14   this courtroom?

15          THE DEFENDANT:  Yes, your Honor.

16          THE COURT:  Does either counsel have any objection to

17   Mr. Meli's competence to plead?

18          MR. KOBRE:  Not from the government.

19          MR. FETTERMAN:  No, your Honor.

20          THE COURT:  Thank you.

21          Now, Mr. Meli, have you received a copy of the

22   indictment, technically the superseding indictment, which

23   contains the charges against you?

24          THE DEFENDANT:  Yes.

25          THE COURT:  Have you read it?

1          THE DEFENDANT:  Yes.

2          THE COURT:  Do you want me to read it to you?

3          THE DEFENDANT:  No.  Thank you.

4          THE COURT:  Do you understand what it says you did?

5          THE DEFENDANT:  Yes, your Honor.

6          THE COURT:  Have you had time to talk to your counsel

7  about the charges and about how you wish to plead?

8          THE DEFENDANT:  Yes, I have.

9          THE COURT:  Have your attorneys explained the

10  consequences of pleading guilty?

11          THE DEFENDANT:  Yes, they have, your Honor.

12          THE COURT:  I'm now going to explain certain

13  constitutional rights that you have.  These are the rights that

14  you will be giving up if you enter a guilty plea.

15          Once again, please listen carefully to what I'm about

16  to say.  If you don't understand something, let me know, and

17  either I or your counsel will explain the issue more fully.

18          Under the Constitution and laws of the United States,

19  you have a right to plead not guilty to all of the charges

20  contained in the indictment.

21          Do you understand that?

22          THE DEFENDANT:  Yes.

23          THE COURT:  If you plead not guilty, you will be

24  entitled, under the Constitution and laws of the United States,

25  to a speedy and public trial by a jury of the charges against

1    you.

2          At trial, you would be presumed innocent.  The

3    government would be required to prove you guilty beyond a

4    reasonable doubt before you could be found guilty.  You could

5    not be convicted unless a jury of 12 people agreed unanimously

6    that you were guilty beyond a reasonable doubt.

7          Do you understand that?

8          THE DEFENDANT:  Yes, your Honor.

9          THE COURT:  If you went to trial, then at that trial

10   and at every stage of the case, you would have the right to be

11   represented by an attorney.  If you could not afford one, an

12   attorney would be appointed to represent you at the

13   government's expense.

14         Even if you began trial with retained counsel but then

15   ran out of money, an attorney would be appointed to continue to

16   represent you.  You would be entitled to an attorney all the

17   way through trial, not just for a guilty plea.

18         Your decision to plead guilty, therefore, should not

19   depend on whether you can afford to hire an attorney.

20         Do you understand that?

21         THE DEFENDANT:  Yes, your Honor.

22         THE COURT:  At trial, the witnesses for the

23   prosecution would have to come to court and testify in your

24   presence where you could see them and hear them and your

25   lawyers could cross-examine them.

1        If you wanted, your lawyers could offer evidence on

2   your behalf.  They would be able to use the Court's power,

3   known as subpoena power, to compel witnesses to come to court

4   to testify, even if they didn't want to come.

5        Do you understand that?

6        THE DEFENDANT:  Yes, your Honor.

7        THE COURT:  At trial, you would have the right to

8   testify in your own defense, if you wanted to.  You would also

9   have the right not to testify.  If you chose not to testify,

10  that could not be used against you in any way.  No inference or

11  suggestion of guilt would be permitted from the fact that you

12  did not testify.

13       Do you understand that?

14       THE DEFENDANT:  Yes.

15       THE COURT:  If you were convicted at trial, you would

16  have the right to appeal to a higher court.

17       Do you understand that?

18       THE DEFENDANT:  Yes.

19       THE COURT:  As I said before, you have the right to

20  plead not guilty.  Even right now, even though you came to

21  court today for the purpose of entering a guilty plea, you have

22  the right to change your mind and to persist in your not guilty

23  plea and to go to trial.

24       But if you do plead guilty and if the Court accepts

25  your plea, you will give up your right to a trial and all the

1    other rights that go with it that I have just described.  If

2    you plead guilty, there will be no trial.  All that will remain

3    to be done will be to impose a sentence.

4         You and the government will have the opportunity to

5    make certain arguments as to what that sentence should be, but

6    there won't be any trial to determine whether you are guilty or

7    not guilty of the charge to which you plead guilty.

8         Do you understand that?

9         THE DEFENDANT:  Yes, your Honor.

10        THE COURT:  Do you also understand that the decision

11   as to the appropriate sentence in your case will be entirely up

12   to the sentencing judge, Judge Woods -- not me, not your

13   lawyer, not the prosecutor.

14        THE DEFENDANT:  Yes, your Honor.

15        THE COURT:  Judge Woods will be limited by only what

16   the law requires.  This means that even if you are surprised or

17   disappointed by your sentence, you will still be bound by the

18   guilty plea, and you won't be able to take it back.

19        Do you understand that?

20        THE DEFENDANT:  Yes, your Honor.

21        THE COURT:  Finally, if you do plead guilty, you are

22   giving up your right not to incriminate yourself.  During this

23   proceeding, I will ask you questions about what you did, and

24   you'll have to answer those questions honestly.  That's so that

25   I can satisfy myself that you are actually guilty.

1          So, by pleading guilty, you will be admitting what

2     lawyers call your factual guilt, as well as your legal guilt.

3          Do you understand that?

4          THE DEFENDANT:  Yes, your Honor.

5          THE COURT:  Turning to the indictment, I see that

6     Count Five charges that you committed securities fraud in

7     violation of a number of statutes -- 15 U.S. Code, Sections

8     78j(b) & 78ff; S.E.C Code 1085; and 18 U.S. Code, Section 2.

9          I am going to ask the assistant United States

10    attorney, Mr. Kobre, to state the elements of the charge.  The

11    elements, sir, are the things that the government would have to

12    prove beyond a reasonable doubt if you went to trial.

13         MR. KOBRE:  Yes, your Honor.  There are three elements

14    to the charge in count 5.  They are:  First, that in connection

15    with the purchase or sale of security, the defendant did any

16    one or more of the following:

17         One, employed a device, scheme, or artifice to

18    defraud; two, made an untrue statement of material fact or

19    omitted to state a material fact which made what was said under

20    the circumstances misleading or; three, engaged in an act,

21    practice, or course of business that operated or would operate

22    as a fraud or deceit upon a purchaser or seller.

23         Second, that the defendant acted willfully, knowingly,

24    and with an intent to defraud.  Third, that the defendant

25    knowingly used or caused to be used any means of instruments of

 1   transportation or communication in interstate commerce or the

 2   use of the mails in furtherance of the fraudulent conduct.

 3        The government would also have to prove that venue is

 4   proper in the Southern District but only by a preponderance of

 5   the evidence.

 6        THE COURT:  Thank you.

 7        Mr. Meli, now I'm going to tell you the maximum

 8   possible penalty for the crime charge in Count Five.  The

 9   maximum means the most that could be imposed.  It does not mean

10   that this is what you will necessarily get.  But by pleading

11   guilty, you are exposing yourself to the possibility of

12   receiving a punishment or combination of punishments up to the

13   maximum that I'm about to describe.

14        Do you understand that?

15        THE DEFENDANT:  Yes, your Honor.

16        THE COURT:  The maximum term of imprisonment for the

17   crime charged in Count Five is 20 years, 20 years in prison,

18   which could be followed by up to three years of supervised

19   release.

20        If your sentence includes supervised release, you will

21   be subject to supervision by the probation department after

22   you're released from prison.  If you violate any condition of

23   that supervised release, the Court can revoke the term of

24   supervised release previously imposed and return you to prison

25   without giving you any credit for time previously served on

1    post-release supervision.

2           In addition to these restrictions on your liberty, a

3    maximum possible penalty for the crime charged in Count Five

4    includes financial penalties.  In your case, the maximum

5    allowable fine is $5,000,000 or twice the profits of the

6    criminal activity or twice what someone other than yourself

7    lost because of the criminal activity, whichever is greater.

8           You will also be required to pay restitution to any

9    victims of the crime in an amount that the Court decides is

10   required to compensate them for any injuries.

11          In addition, by pleading guilty, you will admit to the

12   forfeiture allegations in the indictment, and you will agree to

13   forfeit any property within the scope of 18 U.S. Code, Section

14   981(a)(1)(C) or 28 U.S. Code, Section 2461(c).

15          Now, you told me a few minutes ago that you are a U.S.

16   citizen.  The reason I ask that question is that if you were

17   not a citizen, your guilty plea would likely have adverse

18   consequences for your ability to remain in or return to the

19   United States, which I am nonetheless required to advise you

20   of.

21          Those adverse consequences could include removal,

22   deportation, denial of citizenship, and denial of admission to

23   the United States in the future.  Your removal or deportation

24   could be mandatory, and if that did happen, you would still be

25   bound by your guilty plea.  You would not be able to withdraw

1   it, regardless of any advice you received from your counsel or

2   others regarding the immigration consequences of your plea.

3          Do you understand that?

4          THE DEFENDANT:  Yes, your Honor.

5          THE COURT:  Has anyone threatened you or coerced you

6   in any way in an effort to get you to plead guilty?

7          THE DEFENDANT:  No, your Honor.

8          THE COURT:  I understand there is a written plea

9   agreement between you and the government.  I've just been

10  handed a copy of it.  It is contained in a letter dated

11  October 27 of this year addressed to your attorney, Mr. Stein.

12         MR. FETTERMAN:  Your Honor, we signed a subsequent

13  agreement.

14         MR. KOBRE:  Your Honor, there is an error in the

15  agreement.  It's addressed to Mr. Fetterman.  A prior version

16  of it had been addressed to another one of Mr. Meli's

17  attorneys, Mr. Stein.

18         THE COURT:  I have been handed one which appears to be

19  fully executed.  It's dated October 27, and it's addressed to

20  Mr. Fetterman at the top.  It says, "Dear Mr. Stein," in the

21  "Dear" line.

22         MR. KOBRE:  That's an error, your Honor.  If we can

23  maybe take that one back and strike the word "Stein" and insert

24  "Fetterman" in it.

25         THE COURT:  I don't think that matters.

1           MR. KOBRE:  It doesn't matter, your Honor.

2           THE COURT:  The document that I'm holding in my

3    hand -- is this the operative plea agreement?

4           MR. FETTERMAN:  It is, your Honor.

5           THE COURT:  Mr. Snell, in light of our colloquy, let

6    me mark as Exhibit 1 the plea agreement that we're using today

7    so there is no confusion when the transcript is read.

8           The letter is dated October 27.  It says, "Dear

9    Mr. Stein," but it's actually addressed in the "address" line

10   to Mr. Fetterman.

11          This is the important part.  It appears to be signed

12   on page 6 by Mr. Meli and by Mr. Fetterman.

13          Mr. Meli, is that your signature on page 6?

14          THE DEFENDANT:  Yes, your Honor.

15          THE COURT:  Thank you, sir.

16          Did you read it before you signed it?

17          THE DEFENDANT:  Yes, your Honor.

18          THE COURT:  Did you discuss it with your attorney,

19   Mr. Fetterman?

20          THE DEFENDANT:  Yes, your Honor.

21          THE COURT:  Do you understand its terms?

22          THE DEFENDANT:  Yes, your Honor.

23          THE COURT:  Has anyone promised you or offered you

24   anything in order to get you to plead guilty, other than what

25   is in this plea agreement?

1          THE DEFENDANT:  No, your Honor.

2          THE COURT:  Looking at page 3 of the plea agreement,

3     it appears that you and the government have reached an

4     agreement regarding the appropriate calculation of your

5     sentence under a part of our law known as the sentencing

6     guidelines.

7          Correct?

8          THE DEFENDANT:  Yes.

9          THE COURT:  That agreement is that the appropriate

10    guidelines sentencing range for you is from 78 to 97 months, 78

11    to 97 months in prison, and that the appropriate monetary fine

12    is from $25,000 to $5,000,000.

13         Under this agreement, neither you nor the government

14    is allowed to argue to the sentencing judge for a calculation

15    which is different than the one in this agreement.

16         Do you understand that in this agreement you have also

17    limited your rights, in certain respects, to appeal from any

18    sentence that may be imposed?

19         THE DEFENDANT:  Yes, your Honor.

20         THE COURT:  Specifically, do you understand that as

21    long as Judge Woods sentences you to a prison term of no longer

22    than 97 months, any lawful sentence of supervised release, a

23    fine no greater than $5,000,000, you're giving up your right to

24    challenge your sentence, whether by direct appeal, writ of

25    habeas corpus, or otherwise?

1           THE DEFENDANT:  Yes, your Honor.

2           THE COURT:  You have also agreed not to appeal the

3    entry of a forfeiture money judgment that is less than or equal

4    to $65,000,000.

5           Do you understand that?

6           Take a moment and consult with your lawyer if you'd

7    like to.

8           (Pause)

9           THE DEFENDANT:  Yes, your Honor.

10          THE COURT:  Do you understand that you have agreed not

11   to appeal the entry of a forfeiture money judgment so long as

12   it's no greater than $65,000,000?  Correct?

13          THE DEFENDANT:  Yes, your Honor.

14          THE COURT:  Do you also understand that under the

15   terms of your plea agreement, even if you later learn that the

16   government withheld from your counsel facts that would have

17   been helpful in your defense, you would not be able to complain

18   about that or withdraw your plea on that basis?

19          THE DEFENDANT:  Yes, your Honor.

20          THE COURT:  Do you understand that the terms of your

21   plea agreement, including the sentencing calculations, are not

22   binding on your sentencing judge?

23          THE DEFENDANT:  Yes, your Honor.

24          THE COURT:  She could reject those calculations and

25   impose a more severe sentence than you expect without

1    permitting you to withdraw your guilty plea.

2         The sentencing judge is required to make her own

3    independent calculation of the appropriate sentencing range

4    under the sentencing guideline.  She will also have the

5    discretion to give you a sentence below or above that range, up

6    to the maximum that I told you about earlier.

7         In addition to the guidelines and possible departures

8    from the guidelines, the sentencing judge will also consider

9    the factors set forth in 18 U.S. Code, Section 3553(a).

10        In other words, the sentencing judge will pronounce

11   whatever sentence she believes is the appropriate sentence for

12   you, even if that sentence is different from the one set forth

13   in your plea agreement or recommended by the government at the

14   time of sentencing.

15        Do you understand that?

16        THE DEFENDANT:  Yes, your Honor.

17        THE COURT:  The Court will consider a presentence

18   report prepared by the probation department in advance of your

19   sentencing.  You and the government will have an opportunity to

20   review that report and to challenge the facts which are

21   reported by the probation officer.

22        Mr. Meli, do you understand that in the federal

23   system, there is no parole?

24        THE DEFENDANT:  Yes, your Honor.

25        THE COURT:  If you are sentenced to prison, you will

 1    not be released on parole.

 2              Before I go on, let me ask both counsel if there are

 3    any other provisions of the plea agreement that you'd like me

 4    to bring to the defendant's attention.

 5              MR. KOBRE:  From the government, your Honor, not with

 6    respect to the plea agreement, but we would just ask that you

 7    advise the defendant -- it may not be the biggest point -- that

 8    as part of his sentence, he'll be required to pay the mandatory

 9    $100 special assessment.

10              THE COURT:  Did I skip that?

11              MR. KOBRE:  I believe yes, your Honor.

12              THE COURT:  Thank you for bringing that to my

13    attention.

14              In addition to the potential imprisonment, supervised

15    release, and monetary fines, there is a special assessment of

16    $100 which is required to be imposed on each count of

17    conviction.

18              Do you understand that?

19              THE DEFENDANT:  Yes, your Honor.

20              THE COURT:  Anything further, Mr. Kobre?

21              MR. KOBRE:  No, your Honor.  Thank you.

22              THE COURT:  Mr. Fetterman?

23              MR. FETTERMAN:  Your Honor, if you would just bring to

24    the defendant's attention that the parties agree that either

25    party may seek a sentence outside of the stipulated guidelines

1    range based on the factors to be considered in imposing the

2    sentence pursuant to Title 18, U.S. Code, Section 3553(a).

3            THE COURT:  Sure.

4            Mr. Meli, I mentioned previously that the judge, the

5    sentencing judge, can consider the factors set forth in that

6    statute, Section 3553(a).  In addition, either party may invoke

7    those factors, if they wish, to seek a sentence outside of the

8    stipulated guidelines range.

9            Do you understand that?

10           THE DEFENDANT:  Yes, your Honor.

11           THE COURT:  Anything further from either side before I

12   go on?

13           MR. KOBRE:  No, your Honor.

14           MR. FETTERMAN:  No, your Honor.

15           THE COURT:  All right, sir.  You have now been advised

16   of the charges against you, the possible penalties that you

17   face, and the rights that you have giving up.

18           Is it still your intentional to plead guilty to

19   Count Five of the indictment?

20           THE DEFENDANT:  Yes, your Honor.

21           THE COURT:  Please rise.

22           Is your plea voluntary and made of your own free will?

23           THE DEFENDANT:  Yes, your Honor.

24           THE COURT:  Mr. Meli, with respect to Count Five of

25   the indictment, how do you plead?  Guilty or not guilty?

1          THE DEFENDANT:  I plead guilty, your Honor.

2          THE COURT:  You may be seated.

3          Now you need to tell me in your own words what you did

4    that makes you guilty of that crime.

5          THE DEFENDANT:  Your Honor, starting in about 2015 in

6    New York, I mislead investors, and I took inappropriate

7    business by soliciting their investments with false documents.

8          I represented to certain investors that I had formal

9    written contracts to purchase bulk tickets to live events.

10   Those formal contracts did not always exist as I represented.

11         In some cases, I showed investors contracts that

12   appeared to be signed by people who had not signed them.  And

13   in some cases, those contracts did not accurately reflect the

14   true agreements related to my bulk purchases of live events.

15         I knew what I was doing was wrong, and I apologize to

16   the Court, I apologize to the government, I apologize to my

17   investors, and to my family for my conduct.

18         THE COURT:  Were you in New York when you engaged in

19   this conduct?

20         THE DEFENDANT:  Yes, your Honor.

21         THE COURT:  When you engaged in this conduct, did you

22   use the telephones or the mails?

23         THE DEFENDANT:  Yes, your Honor.

24         THE COURT:  Did your attorney help you prepare the

25   statement that you gave?

1           THE DEFENDANT:  They reviewed my statement,

2    your Honor.

3           THE COURT:  That's fine.

4           Is everything that you just told me true?

5           THE DEFENDANT:  Yes, your Honor.

6           THE COURT:  Mr. Kobre, do you believe that is a

7    sufficient factual predicate for a guilty plea?

8           MR. KOBRE:  We do, your Honor.

9           THE COURT:  Are there any additional questions that

10   the government would like me to ask the defendant?

11          MR. KOBRE:  No, your Honor.

12          THE COURT:  Does the government represent that it has

13   sufficient evidence to establish guilt beyond a reasonable

14   doubt at trial, and would you like to make a proffer?

15          MR. KOBRE:  Yes, Judge.  And no, that's not necessary.

16          THE COURT:  Mr. Meli, on the basis of your responses

17   to my questions and my observation of your demeanor, I find

18   that you are competent to enter a guilty plea.

19          I'm satisfied that you understand your rights,

20   including your right to go to trial; that you are aware of the

21   consequences of your plea, including the sentence that may be

22   imposed; that you are voluntarily pleading guilty; and that you

23   have admitted that you are guilty as charged in Count Five of

24   the indictment.  For these reasons, I will recommend that the

25   district judge accept your plea.

1          I will ask the government to order a copy of the

2    transcript and to submit it to Judge Woods, together with any

3    additional paperwork she will need to act on my recommendation.

4          Has she set a sentencing date?

5          MR. KOBRE:  She has, your Honor.  That is January 31,

6    2018, at 11:00 a.m.

7          THE COURT:  Mr. Meli, you're sentencing will take

8    place on January 31 of 2018, unless the district judge adjourns

9    that date between now and then.

10          I will direct that the presentence report be prepared.

11          Mr. Kobre, can you deliver the case summary to the

12    probation department within 14 days?

13          MR. KOBRE:  Yes, Judge.

14          THE COURT:  Mr. Fetterman, will you or your colleague

15    be available for interview with your client within those same

16    14 days?

17          MR. FETTERMAN:  Sure, your Honor.

18          THE COURT:  The defendant is released on bail;

19    correct?

20          MR. KOBRE:  Correct, your Honor.

21          THE COURT:  Are there any objections to continuing the

22    present conditions?

23          MR. KOBRE:  No.

24          THE COURT:  Mr. Meli, all of the conditions on which

25    you are released up until now continue to apply.  I'm sure I

1    don't need to tell you this, but I will anyway.  A violation of

2    those conditions would have serious consequences, including

3    revocation of bail and prosecution for bail jumping.

4              Do you understand that?

5              THE DEFENDANT:  Yes, your Honor.

6              THE COURT:  Anything further from the government?

7              MR. KOBRE:  No, your Honor.

8              THE COURT:  Anything further from the defense?

9              MR. FETTERMAN:  No.  Thank you, your Honor.

10             THE COURT:  Thank you, gentlemen.  We are adjourned.

11             (Adjourned)

12

13

14

15

16

17

18

19

20

21

22

23

24

25