USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/22/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

JOSEPH MELI,

Defendant.

17 CR 127 (KMW)

ORDER

KIMBA M. WOOD, District Judge:

Because the attached March 20, 2018 letter to the Court includes material that Chief Judge McMahon may decide should be filed under seal, the Court has temporarily redacted portions of the letter. The entire letter will be docketed as soon as the redacted material is no longer subject to sealing.

SO ORDERED.

Dated: New York, New York
       March 22, 2018

_____
THE HON. KIMBA M. WOOD
United States District Judge



Gottlieb & Janey LLP
Trinity Building
111 Broadway, Suite 701
New York, NY 10006
Tel (212) 566-7766 · Fax (212) 374-1506
www.gottliebjaney.com
New York  London  Rome

**MEMO ENDORSED**

March 20, 2018

**VIA EMAIL DELIVERY**
The Honorable Judge Kimba M. Wood
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Joseph Meli*, 17 Cr. 127 (KMW)

             *United States v. Craig Carton*, 17 Cr. 680 (CM)

<b><u>LETTER MOTION TO SEAL</u></b>

Dear Judge Wood:

       This law firm represents Craig Carton, a defendant in *USA v. Carton and Wright*, 17 Cr. 680 (CM) currently pending before Chief Judge McMahon[1]. The Government's position from the outset of Mr. Carton's case has been that Mr. Carton and Joseph Meli, *inter alia*, are co-conspirators. Mr. Carton is charged with committing crimes involving the same alleged scheme for which Joseph Meli has pleaded guilty and is scheduled to be sentenced before Your Honor on March 27, 2018. Mr. Meli in his sentencing submission not only alleges that Mr. Carton is a co-conspirator, but accuses Mr. Carton of committing crimes for which Mr. Meli is not involved. We submit the instant letter motion to seal the sentencing submissions previously filed on behalf of Joseph Meli and the Government's sentencing memorandum which is scheduled to be filed on March 21, 2018, pursuant to applicable case law in the Second Circuit as referenced below. We have spoken with AUSA Brendan Quigley and have been informed that the Government takes no position on this motion. We have attempted to contact Mr. Meli's attorneys regarding their position on this motion, and have left numerous voicemails and emails, but have not received any communication in response.

       Mr. Meli's sentencing submissions contain highly prejudicial, inflammatory and erroneous allegations concerning Mr. Carton. For the reasons more fully set forth below, Mr. Carton has standing, as a third party, to move to seal the sentencing submissions filed in connection with Mr. Meli's sentencing in order to protect his privacy rights, and importantly, his right to a fair trial. The specific filings that Mr. Carton moves to seal are: (1) the sentencing memorandum submitted

---

[1] Mr. Carton's trial is scheduled for October 29, 2018. A copy of the indictment filed against Mr. Carton is annexed hereto as Exhibit A.

on behalf of Mr. Meli on March 14, 2018 (Dkt. Entry 121); (2) the declaration of Daniel J. Fetterman submitted on March 14, 2018 (Dkt. Entry 122); (3) the sentencing memorandum appendix submitted on March 15, 2018 (Dkt. Entry 125) (hereafter collectively "The Meli Documents"); and (4) the Government's sentencing memorandum which is scheduled to be filed on March 21, 2018.

Furthermore, the danger of undue prejudice to Mr. Carton is heightened because Mr. Carton is a public figure whose arrest and subsequent court appearances have received enormous media attention. It is for these reasons that The Meli Documents must be sealed to ensure Mr. Carton receives a fair trial.

The First Amendment presumption in favor of access to court documents can be overcome "by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Press-Enterprise Co. v. Super. Ct.*, 464 U.S. 501, 511 n. 10 (1984). One such interest is the privacy interest of third parties. "[T]he privacy interests of innocent third parties as well as those of defendants that may be harmed by disclosure...should weigh heavily in a court's balancing equation in determining what portions of motion papers in question should remain sealed or should be redacted." *United States v. Silver*, No. 15-cr-00093, 2016 WL 1572993, at *5-7 (S.D.N.Y. Apr. 14, 2016) (citing *Matter of New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)). In deciding whether to close proceedings or seal documents, a court must determine "if there is a substantial probability of prejudice to a compelling interest of the defendant, government, or third party" that closure or sealing would prevent. *United States v. Doe*, 63 F.3d 121, 128 (2d Cir. 1995). Compelling interests may include the defendant's right to a fair trial. *See In re Herald*, 734 F.2d 93, 100 (2d Cir. 1984). The right to a fair trial supersedes the public's right of access. *See Application of National Broadcasting Co., Inc.*, 828 F.2d 340 (6th Cir. 1987) ("the publicity generated by the media has already created a high level of prejudicial pre-trial publicity such that there exists a "substantial probability" that [defendant's] right to fair trial will be prejudiced by further publicity generated in connection with the release of information...").

In determining the weight to be accorded an assertion of a right of privacy, courts should first consider the degree to which the subject matter is traditionally considered private rather than public. *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995). "The nature and degree of injury must also be weighed." *Id.* Finally, in balancing the qualified right of public access against privacy interests, the Court must consider "the sensitivity of the information and the subject," "the reliability of the information," and whether "there is a fair opportunity for the subject to respond to any accusations contained therein." *Id.* "[T]he privacy interests of innocent third parties should weigh heavily in a court's balancing equation. Such interests, while not always fitting comfortably under the rubric 'privacy,' are a venerable common law exception to the presumption of access." *Id.* at 1050. "[P]rivacy rights of participants and third parties are among those interests which, in appropriate cases, can limit the presumptive right of access to judicial records." *Standard Fin. Mgmt. Corp.*, 830 F.2d, 404, 41 (1st Cir. 1987). As the Supreme Court noted in *Nixon v. Warner Communications, Inc., 435 U.S. 589* (1978), courts have the power to insure

3

that their records are not "used to gratify private spite or promote public scandal," and have "refused to permit their files to serve as reservoirs of libelous statements for press consumption." *Id.* at 598.

Therefore, for the reasons stated above, Mr. Carton respectfully requests that the Court seal The Meli Documents and the forthcoming response from the Government. Mr. Carton's privacy interests and his right to a fair trial outweigh the qualified right of public access. The statements made in The Meli Documents are salacious, false and not subject to correction before their adverse impact is suffered by Mr. Carton. Because the numerous prejudicial statements pertaining to Mr. Carton are substantial, redaction of statements referring to Mr. Carton is not a practical alternative remedy to sealing.

We are available to appear in Court to discuss this motion and answer any questions Your Honor may have if the Court deems it necessary. Thank you for the Court's time and consideration.

Very truly yours,

GOTTLIEB & JANEY LLP

Robert C. Gottlieb
Derrelle Janey

cc: VIA EMAIL DELIVERY
Brendan Quigley, A.U.S.A.
Elisha Kobre, A.U.S.A.
Daniel J. Fetterman, *attorney for Joseph Meli*
Alan Futerfas, *attorney for Michael Wright*

> The issue whether Mr. Carton's privacy interests and his right to a fair trial outweigh the right of public access is best decided by the judge handling Mr. Carton's case, Chief Judge McMahon. This court will not consider this request further until counsel for Mr. Carton carefully identifies the particular passages as to which sealing is properly sought.
>
> 3-20-18
>
> SO ORDERED, N.Y., N.Y.
>
> Kimba M. Wood
> KIMBA M. WOOD
> U.S.D.J.

Gottlieb & Janey LLP  Trinity Building · 111 Broadway, Suite 701  New York, NY 10006  Tel: (212) 566-7766  Fax (212) 374-1506  www.gottliebjaney.com