USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/5/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

UNITED STATES OF AMERICA

        -v.-

JOSEPH MELI,

             Defendant.

------------------------------------x

STIPULATION AND ORDER

S1 17 Cr. 127 (KMW)

WHEREAS, on or about September 5, 2017, JOSEPH MELI (the "defendant") was charged in a six-count Superseding Indictment, S1 17 Cr. 127 (KMW) (the "Indictment"), with conspiracy to commit securities fraud and wire fraud, in violation of Title 18, United States Code, Section 371 (Count One); two counts of securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, Title 17, Code of Federal Regulations, Section 240.10b-5, and Title 18, United States Code, Section 2 (Counts Two and Five); two counts of wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Counts Three and Four); and aggravated identity theft, in violation of Title 18, United States Code, Sections 1028A and 2 (Count Six);

WHEREAS, the Indictment included a forfeiture allegation as to, in relevant part, Count Five of the Indictment, seeking forfeiture to the United States, pursuant to

1

Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count Five of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count Five of the Indictment and, in relevant part, the following specific property:

- The real property with address 50 Green Hollow Road, East Hampton, New York, 11937;

(the "Subject Property");

WHEREAS, on April 24, 2017 (following the filing of the first Indictment on February 23, 2017 which, like the Superseding Indictment, also provided notice that the Subject Property was subject to Government forfeiture), the Government filed and caused to be recorded in the County Clerk's Office in Suffolk County, New York, a *lis pendens* against the Subject Property providing notice of the Government's intent to seek the forfeiture of the Subject Property;

WHEREAS, on or about October 31, 2017, the defendant pled guilty to Count Five of the Indictment pursuant to a plea agreement with the Government;

2

WHEREAS, on or about April 3, 2018, the defendant was sentenced and as part of his sentence a forfeiture money judgment in the amount of $104,765,565 in United States currency (the "Money Judgment") was imposed against him and he was also ordered to forfeit all of his right title and interest in, among other things, the Subject Property;

WHEREAS, on or about April 5, 2018 a Preliminary Order of Forfeiture as to Specific Property/Money Judgment was entered against the defendant imposing the Money Judgment against him and forfeiting, among other things, all of the defendant's right title, and interest in the Subject Property;

WHEREAS, the Preliminary Order of Forfeiture directed the United States to publish, for at least thirty (30) consecutive days, notice of the Preliminary Order of Forfeiture, notice of the United States' intent to dispose of the Subject Property, and the requirement that any person asserting a legal interest in the Subject Property must file a petition with the Court in accordance with the requirements of Title 21, United States Code, Sections 853(n)(2) and (3). The Preliminary Order of Forfeiture further stated that the United States could, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the Subject Property

3

and as a substitute for published notice as to those persons so notified;

WHEREAS, the provisions of Title 21, United State Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, require publication of a notice of forfeiture and of the Government's intent to dispose of the Subject Property before the United States can have clear title to the Subject Property;

WHEREAS, the Notice of Forfeiture and the intent of the United States to dispose of the Subject Property was posted on an official government internet site (www.forfeiture.gov) beginning on April 18, 2018 for thirty (30) consecutive days, through May 17, 2018, pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions and proof of such publication was filed with the Clerk of the Court on January 29, 2019 (Docket Number 198);

WHEREAS, on or about October 12, 2018, notice of the Preliminary Order of Forfeiture was sent by certified mail, return receipt requested, to Kleet Lumber Co. Inc., Huntington, NY ("Kleet"); Citibank (c/o Joseph Meli), Long Island City, NY; Gilber Construction, Inc., Southampton, NY; Kasowitz, Benson,

4

Torres LLP, New York, NY; Mayer Brown, LLP, New York, NY; Modern Green Home, Bridgehampton, NY; Ronald Hottinger, St. James, NY; Two Gang Electric, Inc., Southampton, NY; Ulster Savings Bank, Kingston, NY; Westhampton Architectural Glass, Westhampton Beach, NY; Advance Entertainment II, LLC, New Canaan, CT; Advance Entertainment, LLC, New York, NY; Jessica Meli, New York, NY; Glen Kopp (counsel for Jessica Meli), New York, NY; Merrill Lynch Bank & Trust Company, New York, NY; Signature Bank, New York, NY; Matthew Harriton, New Canaan, CT; Richard Harriton, New Canaan, CT; Richard Kibbe & Orbe LLP, New York, NY; McLaughlin & Stern LLP, New York, NY; and Southampton Town Hall, Southampton, NY;

WHEREAS, on or about November 13, 2018, Kleet, by and through its attorney Steven Rosenthal, filed a Verified Petition for Hearing (the "Petition") in the ancillary proceeding claiming an interest in the Subject Property based on its claim that on March 11, 2009, a Judgment in the amount of $60,233.87 (the "Judgment Amount") was entered against the defendant and docketed on that same day with the Supreme Court of the State of New York, Suffolk County (the "Judgment Lien");

WHEREAS, thirty (30) days have expired since final publication of the Notice of Forfeiture and no petitions or

5

claims to contest the forfeiture of the Subject Property have been filed aside from the Petition filed by Kleet;

WHEREAS, the Government and Kleet have determined to resolve Kleet's claim to the Subject Property on the terms and conditions set forth below.

IT IS HEREBY STIPULATED AND AGREED, by and between the plaintiff, United States of America, by its attorney Geoffrey S. Berman, United States Attorney, Assistant United States Attorneys Elisha J. Kobre and Brendan F. Quigley, of counsel, and Kleet, by its counsel, Steven Rosenthal, Esq. , and by Kleet's Vice President, Linda Nussbaum, that:

1. At such time as the Subject Property is sold pursuant either to a final order of forfeiture in this criminal matter forfeiting the Subject Property to the United States, or to an interlocutory sale order in this criminal matter, the United States shall forward payment to Kleet from the net proceeds from the sale of the Subject Property, in the amount of the Kleet's outstanding Judgment Lien (the "Amount Due on Judgment Lien") as of the date of the sale. The Amount Due on Judgement Lien shall consist of the Judgement Amount plus interest accrued at the statutory rate (N.Y. C.P.L.R. § 5004) less application of any and all credits collected by Kleet against the Judgment Lien, up until and including the date of

6

sale. After the Amount Due on Judgment Lien is paid to Kleet from the net proceeds any surplus remaining shall be forfeited to the United States as a substitute res for the Subject Property. Upon entry of a Final Order of Forfeiture, forfeiting the Subject Property to the United States, the United States Marshals Service shall be authorized to deposit any such surplus in the Asset Forfeiture Fund.

    2. The net proceeds from the sale of the Subject Property will include all moneys realized from the sale of the Subject Property, except for the following:

       a. All costs incurred by the United States Marshals Service in connection with the maintenance, repair, marketing, and sale of the Subject Property, including attorney fees;

       b. Real estate commissions, if any;

       c. The amount due on any mortgage;

       d. Any amounts due on valid liens on the Subject Property superior to Kleet's, if any;

       e. Any real estate, property, transfer, association or other taxes which are due and owing;

       f. Insurance costs, if any;

       g. Escrow fees;

       h. Document recording fees not paid by the buyer;

       i. Title fees;

       j. County transfer fees; and

  k. Any other reasonable closing costs, if any, with respect to the sale of the Subject Property;

3. In furtherance of such a sale, the Parties agree to execute promptly any documents reasonably necessary which may be required to convey clear title to the Subject Property and complete the sale of the Subject Property.

4. Upon entry of this Stipulation and Order, Kleet agrees to not contest or file any further claims of interest in the ancillary proceeding in this criminal action.

5. The terms of this Stipulation and Order shall be subject to approval by the Court. Violation of any terms or conditions herein shall be construed as a violation of an order of the Court.

6. Kleet represents that they are the sole holders of the Judgment Lien.

7. Kleet herby agrees to waive all rights to appeal or otherwise contest the validity of this Stipulation and Order.

8. Each party signing this Stipulation and Order warrants that they are authorized to sign this Stipulation and Order on behalf of the party for whom their signature appears.

9. Each party to this Stipulation shall bear its own costs and attorney's fees.

8

10. This Stipulation and Order constitutes the complete agreement between the parties hereto on the matters raised herein, no other statement, promise or agreement, either written or oral, made by any part of agents of any party, that is not contained in this written Stipulation and Order shall be enforceable and this Stipulation and Order may not be amended except by written consent thereof.

11. This Stipulation and Order may be executed in counterparts, each of which shall be deemed an original, and all of which, when taken together, shall be deemed the complete Stipulation and Order. Signature pages may be faxed, scanned, or emailed and such signatures shall be treated as originals.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By: ___[signature]___  2/1/19
ELISHA J. KOBRE
BRENDAN F. QUIGLEY
Assistant United States Attorneys
One St. Andrew's Plaza
New York, NY 10007
(212) 637-2599/2190

KLEET LUMBER CO. INC.

By: ___[signature]___  2/1/19
LINDA NUSSBAUM
Vice President
Kleet Lumber Co. Inc.
777 Park Ave.
Huntington, NY 11743

By: ___[signature]___  2/1/19
Steven Rosenthal, Esq.
Attorney for KLEET LUMBER CO. INC.
Kirschenbaum & Phillips, P.C.
P.O. Box 9000
Farmingdale, NY 11735

SO ORDERED:

___[signature]___  2-5-19
HONORABLE KIMBA M. WOOD
UNITED STATES DISTRICT JUDGE