```
                                              USDS SDNY
                                              DOCUMENT
                                              ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT                  DOC #: _____
SOUTHERN DISTRICT OF NEW YORK
                                              DATE FILED: 6/11/19
```

------------------------------------ X
                                     :
UNITED STATES OF AMERICA             :
                                     :   PRELIMINARY ORDER OF
        -v.-                         :   FORFEITURE AS TO
                                     :   SUBSTITUTE ASSETS
JOSEPH MELI,                         :
                                     :   17 Cr. 127 (KMW)
                Defendant.           :
                                     :
------------------------------------ X

WHEREAS, on or about September 5, 2017, Joseph Meli (the "defendant"), was charged in a six count Superseding Indictment, 17 Cr. 127 (KMW) (the "Indictment") with conspiracy to commit securities fraud and wire fraud, in violation of Title 18, United States Code, Section 371 (Count One); two counts of securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, Title 17, Code of Federal Regulations, Section 240.10b-5, and Title 18, United States Code, Section 2 (Counts Two and Five); two counts of wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Count Three and Four); and aggravated identity theft, in violation of Title 18, United States Code, Section 1028A and 2 (Count Six);

WHEREAS, the Indictment included a forfeiture allegation as to, in relevant part, Count Five of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count Five of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count Five of the Indictment as well as certain property

enumerated in the Indictment;

WHEREAS, the Indictment also included a substitute asset provision providing notice that if, as a result of the defendant's actions or omissions forfeitable property is unable to be located or obtained, the United States would seek, pursuant to Title 21, United States Code, Section 853(p), the forfeiture of any other property of the defendant;                 ;

WHEREAS, on or about October 31, 2017, the defendant pled guilty to Count Five of the Indictment pursuant to a plea agreement with the Government;

WHEREAS, on or about April 3, 2018, the defendant was sentenced and as part of his sentence a money judgment in the amount of $104,765,565.00 was ordered against him (the "Money Judgment"). In addition, the Court ordered the forfeiture of all of the defendant's right, title, and interest in specific property described in the Preliminary Order of Forfeiture entered against the defendant the following day;

WHEREAS, on or about April 4, 2018, the Court entered a Preliminary Order of Forfeiture/Money Judgment (Dkt. No. 145), imposing the Money Judgment against the defendant representing the amount of proceeds obtained as result of the offense charged in Count Five of the Indictment, as well as all right, title, and interest of the defendant in the following specific property;

    i.    The real property with address 50 Green Hollow Road, East Hampton, New York, 11937 (the "East Hampton Property");

    ii.    A 2017 Porsche 911 Turbo bearing Vehicle Identification Number WP0CD2A95HS178299 (the "Porsche");

    iii.    A Rolex watch, Model # 116710BLNR, bearing serial number 412Z1733 (the "Rolex");

2

  iv. All funds held in Merrill Lynch Pierce Fenner and Smith Incorporated account # 5AX-03098 in the name of Advance Entertainment, LLC (the "Merrill Lynch Account");[1]

  v. All funds held in Signature bank Account # 1503001655 in the name of Advance Entertainment II, LLC (the "Signature Account"); and

  vi. A sum of $551,000 held at Citibank in Account # 9250402260 (the "Citibank Account").

(i.-vi., collectively, the "Specific Properties").

WHEREAS, on or about February 5, 2019, the Court entered a Final Order of Forfeiture, forfeiting all right, title, and interest in the Specific Properties to the United States of America;[2]

WHEREAS, the Government represents that: pursuant to the Final Order of Forfeiture, the Government seized all of the Specific Properties, with the exception of the Rolex, and that funds from the Merrill Lynch Account, in the amount of $119,881.11, the Signature Account, in the amount of $515,000.00, and the Citibank Account, in the amount of $551,000.00, have been deposited into the Government's Asset Forfeiture Fund; that to date, the East Hampton Property and the Porsche have not yet been liquated; that pursuant to terms included in the Preliminary Order of Forfeiture/Money Judgment at ¶ 9, the forfeiture of the funds from the Merrill Lynch Account, the Signature Account, and the Citibank Account have been applied against the defendant's outstanding Money Judgment, reducing it to $103,579,683.89 (the "Outstanding Money Judgment Obligation"); that although the East Hampton Property and the Porsche have yet

---

[1] This description of the Merrill Lynch Account reflects the description of this asset as modified by the Amended Final Order of Forfeiture, entered on March 6, 2019 (Dkt. No. 205), which amended the Final Order of Forfeiture, discussed *infra*, only to the extent that it corrected a clerical error regarding the description of the Merrill Lynch Account.

[2] *See supra* note 1 regarding the Amended Final Order of Forfeiture.

to liquidated, the Government has roughly estimated their net equity value at $2,345,684.50, and $91,000.00, respectively, which together equals $2,436,684.50, which is far below the current amount of the defendant's Outstanding Money Judgment Obligation; and that aside from the application of the forfeiture of the liquidated portion of the Specific Properties against the defendant's Outstanding Money Judgment Obligation, nothing else has been received by the Government to offset the defendant's Outstanding Money Judgment Obligation;

WHEREAS, as a result of acts and omissions of the defendant, the Government, despite its exercise of due diligence, has been unable to locate or obtain the proceeds of the offense of the defendant's conviction, with the exception of the Specific Properties; and

WHEREAS, the Government has identified the following specific assets in which the defendant has an ownership interest:

    i.    $49,300.00 in United States currency provided by the defendant, by and through his attorney

    ii.    One 2016 Jeep Wrangler suburban gray bearing Vehicle Identification Number 1C4BJWEG3GL296946

    iii.    One Olhausen Games pool table/ping pong table (sales receipt included)

    iv.    <u>Watches, as follows:</u>

        a.  One gents 18K white gold Patek Philippe watch, model Calatrava 6006G-012, Serial #5881281 (Patek "240" movement)

        b.  One gents 18K rose gold Patek Philippe watch model #5109, serial #1896137 (Patek "215" movement)

4

v. Bottles of wine, as follows:

|  | Number of Bottles | Description and Label |
|---|---|---|
| 1. | 15 | Domaine Giraud Chateaneuf-Du-Pape |
| 2. | 12 | Ad Vivum Cabernet Savignon |
| 3. | 12 | Lindstrom Stags leaf District |
| 4. | 8 | Barolo 2006 Cerequio |
| 5. | 12 | Beau Vigne Juliet |
| 6. | 6 | OV/SL Napa Valley Estate Red Wine |
| 7. | 3 | Cornerstone Pinot Noir |
| 8. | 2 | Tua Rita Redigaffi 2008 |
| 9. | 12 | Blankiet Estate 2006 |
| 10. | 3 | Gaja Costa Russi 2013 |
| 11. | 12 | The Grade Cabernet Savignon 2013 |
| 12. | 6 | Futo 5500 Cabernet Savignon 2012 |
| 13. | 6 | Hourglass Estate Cabernet Savignon 2012 |
| 14. | 12 | Corra Cabernet Savignon 2013 |
| 15. | 4 | Chateau Palmer Margaux Medoc 2011 |
| 16. | 6 | Chateau Pavie Sainte Emilion Grand Cru 2010 |
| 17. | 7 | Hourglass Blueline Estate Cabernet Savignon 2012 |
| 18. | 24 | Bello Reserve Cabernet Savignon 2010 |
| 19. | 11 | Chateau De Santenay Pinot Noir 2012 |
| 20. | 31 | Baer Winery Arctos Cabernet Savignon 2011 |
| 21. | 14 | Screaming Eagle Cabernet Savignon 2012 |
| 22. | 12 | VHR Cabernet Savignon 2013 |
| 23. | 5 | Futo 2011 Oakville Red wine |
| 24. | 1 | Chateau Montrose Sainte-Estephe 2010 |
| 25. | 11 | Chateau Montrose Sainte-Estephe 1995 |
| 26. | 12 | Buehler Vineyards Cabernet Savignon 2013 |
| 27. | 8 | Puligny-Montrachet 1st Cru 2012 |
| 28. | 4 | Tamaya Gran Reserva Chardonnay 2011 |
| 29. | 1 | Chevalier-Montrachet Gran Ciu 2014 |

5

| 30. | 2 | Meursault-Genevrieres Premier Cru 2008 |
|---|---|---|
| 31. | 6 | Chassagne Montrachet Les Caillerets 2012 |
| 32. | 4 | Harlan Estate 1998 (Magnum size) |
| 33. | 2 | Dom Perignon Vintage Brut 2004 |
| 34. | 3 | Chateau Tropolong Mondot Grand Cru Class 2005 |
| 35. | 4 | Houglass Blueline Estate Merlot 2012 |
| 36. | 4 | Cristal Louis Roederer 2005 |
| 37. | 4 | Gaja Barbaresco 2013 |
| 38. | 2 | Gaja & Rey 2014 |
| 39. | 2 | Harlan Estate Red wine 2009 |
| 40. | 3 | Gaja Costa Russi 2005 |
| 41. | 10 | Gaja Conteisa 2004 |
| 42. | 8 | Dom Perignon Vintage 2003 |
| 43. | 1 | Bourgogne Appelation Controlee 2012 |
| 44. | 1 | Masseto Tenuta Dell Ornellaia 2000 |
| 45. | 1 | Martinelli Pinot Noir 2013 |
| 46. | 1 | Pascual Toso Finca Pedegral Cabernet Savignon 2014 |
| 47. | 1 | Frank Family Champagne 1995 |
| 48. | 1 | Le Petite Cheval 2010 |
| 49. | 1 | Chateau L'Evangile Pomerol 2005 |
| 50. | 1 | Sassicaia Bolgheri Sassicaia 2011 |
| 51. | 1 | Blackwell Finne Jamaican Rum Black Gold |
| 52. | 1 | George Dickel Rye Whisky |
| 53. | 1 | Milagro Special Barrel Reserve Tequila |
| 54. | 12 | Gaja Nebbiolo San Lorenzo (2 wooden cases) |
| 55. | 36 | Sancerre 2015 (3 Cases) |
| 56. | 24 | Chartron Domaine Jean Puligny 2014 (2 cases) |
| 57. | 9 | Dom Perignon 1998 (case) |
| 58. | 10 | Paolo Scavino Barolo Carobric 1999 (1 case) |
| 59. | 12 | Chateau Saint-Pierre Grand Cru Classe 2010 (2 cases) |
| 60. | 6 | Second Flight 2013 (1 case) |

6

| 61. | 6 | Stones No. 2 Cabernet Savignon 2013 |
| --- | --- | --- |
| 62. | 12 | Adrianna Vineyards Malbec (4 cases) |
| 63. | 12 | Chateau Clos Fourtet 1st Grand Cru 2009 (2 cases) |
| 64. | 8 | Premiere Napa Valley Cabernet Savignon 2012 |
| 65. | 10 | Chacra Pinot Noir 2015 (1 1/2 cases) |
|  | 494 Total Bottles |  |

vi. Works of art, as follows:

   a. One Mickey Mouse painting signed Mr Brainwash

   b. One Murakami flowerball screenprints signed 58/300

   c. One beaded surfboard skull motif signed Stepheone (last name illegible)

   d. One Grateful Dead concert poster Avalon Ballroom signed Jerry Garcia/Kelley # 9/35

   e. One concert poster East Hampton Social (Prince/Dave Matthews/Billy Joel/James Taylor/Tom Petty)

   f. One Rolling Stones concert poster Havana Cuba date 03/25/2016 not signed

   g. One Nike sneaker lithograph signed

   h. One Artist and Divisionary by Steven Wheeler circa 1947 lithograph

   i. One Lithograph depicting four horses in race by Andre Brasilier (framed 1996)

   j. Three Lichtenstein posters framed unsigned

vii. Electronic equipment, as follows:

   a. One Multicade game console

   b. One McIntosh Lab power amplifier MC205

   c. One McIntosh Lab MX122A/V processor

7

      d. One Beryllium subwoofer

      e. One Beryllium Focal

      f. Two Beryllium speakers

viii. <u>Pairs of Sneakers, as follows:</u>

      a. One Nike Yeezy 750 Boost size 13 sneaker (gray)

      b. One Lebron XII Low size 13 sneaker (orange/blue)

      c. One Lebron XII Low size 11 sneaker (black/blue)

      d. One Nike Dunk High Pro SB size 13 sneaker (blue/black)

      e. One Nike Dunk High PRM DLS SB QS size 13 sneaker (white)

      f. One Nike SB Dunk High PRM SB size 13 sneaker (teal/black)

      g. One Nike Lebron size 13 sneaker (teal/blue)

      h. One Nike Dunk Low Pro SB size 13 sneaker (black/white)

      i. One Nike Foamposite Pro Size 12 sneaker (red)

      j. One Nike Foamposite Pro size 13 sneaker (yellow)

      k. One Jordan Spizike BHM size 14 sneaker (yellow)

      l. One Air Jordan 2 Retro size 13 sneaker (white)

      m. One Air Jordan 2 Retro size 13 sneaker (black/gray)

      n. One Air Jordan 2 Retro size 13 sneaker (black/gray)

      o. One Air Jordan 3 Retro size 13 sneaker (black)

      p. One Air Jordan 3 Retro size 14 sneaker (black/gray)

  q. One Air Jordan 3 Retro Wool size 14 (gray)

  r. One Air Jordan 7 Retro size 13 sneaker (white/purple)

  s. One Air Jordan 8 Retro size 13 sneaker (black)

  t. One Air Jordan 10 Retro DB size 14 sneaker (black/red)

  u. One Air Jordan 11 Retro Low size 13 sneaker (black/red)

  v. One Air Jordan 11 Retro size 13 sneaker (black/white)

  w. One Nike KD V Elite Series size 13 sneaker (orange/yellow)

  x. One Adidas PW Stan Smith SLD Size 13 sneaker (Black)

  y. One Adidas Stan Smith size 13 sneaker (white)

  z. One Louis Vuitton size 10 1/2 sneaker (brown/purple)

  aa. One Adidas Superstar 1 2008 World Champion size 12 1/2 sneaker (gold/green) (no box)

  bb. One Nike Air Doernbecher Children's Hospital Foundation size 14 sneaker (red/white/blue) (no box)

  cc. One Nike High Tops size 13 sneaker (camo colored) (no box)

ix. <u>Musical instruments as follows</u>:

  a. One Yamaha acoustic guitar 335F signed unknown with skull

  b. One Gibson Les Paul Standard electric guitar signed Prince/B Joel/T Petty/J Taylor plus 3 unidentified signatures/Gibson guitar case

  c. One Fender amplifier for electric guitar (Mustang # 1)

9

  x. Sports memorabilia as follows:

    a. One Framed LA Lakers jersey Shaq O'Neal signed (yellow/purple)

    b. One Framed NY Knicks jersey Eddy Curry signed (white)

    c. One Framed NY Rangers jersey Marian Gaborik signed (r/w/b)

    d. One Framed NY Rangers 1994 Stanley Cup photo Mark Messier signed

    e. One Framed baseball photo # 24 making catch signed

    f. One Framed Joe Frazier/ Muhammad Ali photo (Frazier signed)

    g. One Framed Yankee Stadium photo with original dirt from stadium

    h. One Signed NY Ranger hockey puck Adam Graves # 9

    i. One Signed NY Rangers hockey puck unknown

    j. One NY Rangers screenprint Goaltender Henrik Lundquist signed

(i.-x., the "Substitute Assets");

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Substitute Assets to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

NOW IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1. All of the defendant's right, title, and interest in the Substitute Assets are hereby forfeited to the United States of America, for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853(n).

2. Upon entry of this Preliminary Order of Forfeiture as to Substitute Assets, the United States Marshals Service (or its designee) is hereby authorized to take possession of the Substitute Assets and to keep them in its secure custody and control.

3. Upon entry of a Final Order of Forfeiture, any net proceeds realized from the disposal or sale of the Substitute Assets shall be applied toward the Money Judgment entered against the defendant. Any funds remaining after the satisfaction of the Money Judgment shall be returned to the defendant.

4. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the defendant, claiming interest in the Substitute Assets must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Substitute Assets, (ii)

11

shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Substitute Assets, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Substitute Assets, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

7. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Substitute Assets pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed

8. The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture of Substitute Assets, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

9. Pursuant to Federal Rule of Criminal Procedure Rule 32.2(b)(3), upon entry of this Preliminary Order of Forfeiture of Substitute Assets, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of the property subject to forfeiture, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

10. The Clerk of the Court shall forward four certified copies of this Preliminary Order of Forfeiture as to Substitute Assets to Assistant United States Attorney Alexander J.

Wilson, Co-Chief, Money Laundering and Transnational Criminal Enterprises Unit, United States Attorney's Office, One St. Andrew's Plaza, New York, New York, 10007.

Dated: New York, New York
~~May~~ June 11, 2019

SO ORDERED:

*/s/ Kimba M. Wood*
HONORABLE KIMBA M. WOOD
UNITED STATES DISTRICT JUDGE

13