USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/30/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ X

UNITED STATES OF AMERICA

-v.-

JOSEPH MELI,

         Defendant.

------------------------------------ X

KMW ~~PRELIMINARY~~ ORDER OF
FORFEITURE AS TO
SUBSTITUTE ASSETS

17 Cr. 127 (KMW)

       WHEREAS, on or about September 5, 2017, Joseph Meli (the "defendant"), was charged in a six count Superseding Indictment, 17 Cr. 127 (KMW) (the "Indictment") with conspiracy to commit securities fraud and wire fraud, in violation of Title 18, United States Code, Section 371 (Count One); two counts of securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, Title 17, Code of Federal Regulations, Section 240.10b-5, and Title 18, United States Code, Section 2 (Counts Two and Five); two counts of wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Count Three and Four); and aggravated identity theft, in violation of Title 18, United States Code, Section 1028A and 2 (Count Six);

       WHEREAS, the Indictment included a forfeiture allegation as to, in relevant part, Count Five of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count Five of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count Five of the Indictment as well as certain property

enumerated in the Indictment;

WHEREAS, the Indictment also included a substitute asset provision providing notice that if, as a result of the defendant's actions or omissions forfeitable property is unable to be located or obtained, the United States would seek, pursuant to Title 21, United States Code, Section 853(p), the forfeiture of any other property of the defendant;

WHEREAS, on or about October 31, 2017, the defendant pled guilty to Count Five of the Indictment pursuant to a plea agreement with the Government;

WHEREAS, on or about April 3, 2018, the defendant was sentenced and as part of his sentence a money judgment in the amount of $104,765,565.00 was ordered against him (the "Money Judgment"). In addition, the Court ordered the forfeiture of all of the defendant's right, title, and interest in specific property described in the Preliminary Order of Forfeiture entered against the defendant the following day;

WHEREAS, on or about April 4, 2018, the Court entered a Preliminary Order of Forfeiture/Money Judgment (Dkt. No. 145), imposing the Money Judgment against the defendant representing the amount of proceeds obtained as result of the offense charged in Count Five of the Indictment, as well as all right, title, and interest of the defendant in the following specific property as property constituting proceeds of the offense charged in Count Five of the Indictment:

   i. The real property with address 50 Green Hollow Road, East Hampton, New York, 11937 (the "East Hampton Property");

   ii. A 2017 Porsche 911 Turbo bearing Vehicle Identification Number WP0CD2A95HS178299 (the "Porsche");

   iii. A Rolex watch, Model # 116710BLNR, bearing serial number 412Z1733 (the "Rolex");

2

        iv.    All funds held in Merrill Lynch Pierce Fenner and Smith Incorporated account # 5AX-03098 in the name of Advance Entertainment, LLC (the "Merrill Lynch Account");[1]

        v.    All funds held in Signature bank Account # 1503001655 in the name of Advance Entertainment II, LLC (the "Signature Account"); and

        vi.    A sum of $551,000 held at Citibank in Account # 9250402260 (the "Citibank Account").

(i.-vi., collectively, the "Specific Properties").

WHEREAS, on or about February 5, 2019, the Court entered a Final Order of Forfeiture, forfeiting all right, title, and interest in the Specific Properties to the United States of America;[2]

WHEREAS, the Government represents that: pursuant to the Final Order of Forfeiture, the Government seized all of the Specific Properties, with the exception of the Rolex which it is unable to locate, and that funds from the Merrill Lynch Account, in the amount of $119,881.11, the Signature Account, in the amount of $515,000.00, the Citibank Account, in the amount of $551,000.00, and from the sale of the Porsche in the amount of $139,000.00, have been deposited into the Government's Asset Forfeiture Fund maintained by the United States Marshals Service (the "Liquidated Specific Property"); that pursuant to terms included in the Preliminary Order of Forfeiture/Money Judgment at ¶ 9, the forfeiture of the Liquidated Specific Property has been applied against the defendant's outstanding Money Judgment, reducing it to $103,440,683.89 (the "Outstanding Money Judgment Obligation"); that although the East

---

[1] This description of the Merrill Lynch Account reflects the description of this asset as modified by the Amended Final Order of Forfeiture, entered on March 6, 2019 (Dkt. No. 205), which amended the Final Order of Forfeiture, discussed *infra*, only to the extent that it corrected a clerical error regarding the description of the Merrill Lynch Account.

[2] *See supra* note 1 regarding the Amended Final Order of Forfeiture.

Hampton Property has not yet been liquated the Government has roughly estimated its net equity value at $2,345,684.50, which is far below the amount of the defendant's Outstanding Money Judgment Obligation; and that aside from the application of the forfeiture of the liquidated portion of the Specific Properties against the defendant's Outstanding Money Judgment Obligation, nothing else has been received by the Government to offset the defendant's Outstanding Money Judgment Obligation;

WHEREAS, as a result of acts and omissions of the defendant, the Government, despite its exercise of due diligence, has been unable to locate or obtain the proceeds of the offense of the defendant's conviction, with the exception of the Specific Properties; and

WHEREAS, on or about June 11, 2019, the Court entered a previous Preliminary Order of Forfeiture as to Substitute Assets (the "June 11, 2019 Preliminary Substitute Assets Order," Docket No. 208) forfeiting all the defendant's right, title, and interest in the substitute assets identified therein (the "June 11, 2019 Substitute Assets");

WHEREAS, once the notice and publication periods described in the June 11, 2019 Preliminary Substitute Assets Order expire, and upon adjudication of all third-party interests, pursuant to the terms of the June 11, 2019 Preliminary Substitute Asset Order, the Court will enter a Final Order of Forfeiture with respect to the June 11, 2019 Substitute Assets;

WHEREAS, at this time, the Government has roughly estimated the value of the June 11, 2019 Substitute Assets to be $141,554.00, which is far less than the value of the defendant's Outstanding Money Judgment Obligation, even when adding in the estimated net equity value of the East Hampton Property which has not yet been liquidated;

4

WHEREAS, on or about January 24, 2020, the Court entered a Final Order of Forfeiture as to Substitute Assets (Docket No. 220), forfeiting all right, title, and interest in the June 11, 2019 Substitute Assets to the United States of America.

WHEREAS, the Government has further identified the following specific assets in which the defendant has an ownership interest:

      i. One (1) Cartier Watch cracked crystal – automatic water resistant Swiss made 18K; serial number 1741 248274CD;

      ii. One (1) Franck Mueller watch – Geneve Master of Complications; serial number TTNRERG N 0375 10800 SCDTGPG;

      iii. Eleven (11) assorted watch and/or jewelry cases;

(i.-iii., the "Additional Substitute Assets"); and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Additional Substitute Assets to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

NOW IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

    1. All of the defendant's right, title, and interest in the Additional Substitute Assets are hereby forfeited to the United States of America, for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853(n).

2.      Upon entry of this Preliminary Order of Forfeiture as to the Additional Substitute Assets, the United States Marshals Service (or its designee) is hereby authorized to take possession of the Additional Substitute Assets and to keep them in its secure, custody and control.

3.      Upon entry of a Final Order of Forfeiture, any net proceeds realized from the disposal or sale of the Additional Substitute Assets shall be applied toward the Money Judgment entered against the defendant. Any funds remaining after the satisfaction of the Money Judgment shall be returned to the defendant.

4.      Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the defendant, claiming interest in the Additional Substitute Assets must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5.      The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Additional Substitute Assets, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Additional Substitute

Assets, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Additional Substitute Assets, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6. Pursuant to 32.2(b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

7. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Additional Substitute Assets pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed

8. The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture of Substitute Assets, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

9. Pursuant to Federal Rule of Criminal Procedure Rule 32.2(b)(3), upon entry of this Preliminary Order of Forfeiture of Substitute Assets, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of the property subject to forfeiture, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

10. The Clerk of the Court shall forward four certified copies of this Preliminary Order of Forfeiture as to Substitute Assets to Assistant United States Attorney Alexander J. Wilson, Co-Chief, Money Laundering and Transnational Criminal Enterprises Unit, United States Attorney's Office, One St. Andrew's Plaza, New York, New York, 10007.

[SPACE PURPOSELY LEFT BLANK]

Dated: New York, New York
      Jan. 29, 2020

SO ORDERED:

*Kimba M. Wood*
HONORABLE KIMBA M. WOOD
UNITED STATES DISTRICT JUDGE