THE LAW FIRM OF

# César de Castro, P.C.

ATTORNEY AT LAW

7 World Trade Center
New York, New York 10007

646.200.6166 Direct
212.808.8100 Reception
646.839.2682 Facsimile
cdecastrolaw.com

April 23, 2020

*Via* ECF

The Honorable Kimba M. Wood
United States District Judge
U.S. District Court for the
Southern District of New York
New York, NY 10007

    Re: *United States v. Meli*, 17 Cr. 127 (KMW),
       Request for Sentencing Reduction / Compassionate Release

Dear Judge Wood,

We write in connection with Mr. Meli's motion for a reduction of his sentence and/or compassionate release, filed March 27, 2020, still pending before this Court.  The warden at the Metropolitan Detention Center has denied Mr. Meli's request for compassionate release.  Accordingly his motion is now ripe for this Court to decide.  We respectfully request that the Court order the government to respond to the motion by April 27, 2020.

By order entered March 27, 2020, this Court denied Mr. Meli's parents' request for a modification of Mr. Meli's prison sentence because he had failed to exhaust his administrative remedies.  *See* ECF No. 225.  On that same day, the undersigned filed a motion seeking a reduction of Mr. Meli's sentence and/or compassionate release arguing that his history of cancer and pulmonary disease means that he has a high risk of serious complications were he to contract COVID-19 and constitute "extraordinary and compelling reasons" under § 3582(c)(1)(A)(i).  *See* ECF No. 224 at 1.  On March 28, 2020, Mr. Meli filed a letter with the Court attaching a copy of the March 27, 2020 application made to the warden at MDC requesting compassionate release.  *See* ECF No. 226.  On March 30, 2020, the Court issued an order instructing the government to respond to the motion on or before May 4, 2020.  *See* ECF No. 227.

We have been informed by our client that a letter dated April 19, 2020, from the MDC warden denied Mr. Meli's application for compassionate release.  Accordingly, Mr. Meli has exhausted his administrative remedies and the motion is ripe for adjudication.

Many courts in this district have recognized that the COVID-pandemic constitutes extraordinary and compelling reasons justifying compassionate release. *See, e.g.*, *United States v. Phillip Smith*, No. 12 Cr. 133 (JFK), ECF Dkt. 197 (S.D.N.Y. Apr. 13, 2020) (finding court could waive exhaustion requirement and granting compassionate release); *United States v. William Knox*, No. 15 Cr. 445 (PAE), ECF Dkt. No. 1088 (S.D.N.Y. Apr. 10, 2020) (granting release on consent; government initially opposed then agreed to waive exhaustion); *United States v. Leon Santiago*, No. 12 Cr. 732 (WHP), ECF Dkt. No. 235 (S.D.N.Y. Apr. 10, 2020) (granting release on consent); *United States v. Kenneth Moore*, No. 14 Cr. 476 (PGG) (granted on consent with 9 months remaining on sentence; government agreed to waive exhaustion because client at GEO); *United States v. Nehemiah McBride*, No. 15 Cr. 876 (DLC), ECF Dkt. No. 73, (S.D.N.Y. Apr. 7, 2020) (granting unopposed motion); *United States v. Tia Jasper*, No. 18 Cr. 390 (PAE), ECF Dkt. No. 441 (S.D.N.Y. Apr. 6, 2020) (granting unopposed motion); *United States v. Clark Harris*, No. 18 Cr. 364 (PGG), ECF Dkt. 413 (S.D.N.Y. Apr. 6, 2020) (granting unopposed motion); *United States v. Nunzio Gentille*, No. 19 Cr. 590 (KPF) (S.D.N.Y. Apr. 9, 2020) (granting release where government agreed to waive exhaustion and did not oppose motion); *United States v. Zukerman*, No. 16 Cr. 194 (AT), 2020 WL 1659880, at *1 (S.D.N.Y. Apr. 3, 2020) (waiving exhaustion requirement over government objection and granting release); *United States v. Resnick*, No. 12 Cr. 152 (CM), ECF Dkt. No. 461 (S.D.N.Y. Apr. 2, 2020) (granting release and finding exhaustion requirement met because request submitted by hand 30 days ago); *United States v. Daniel Hernandez*, No. 18 Cr. 834 (PAE), ECF Docket No. 446 (S.D.N.Y. Apr. 1, 2020) (granting compassionate release after BOP denied the request and converting remaining sentence to home confinement); *United States v. Wilson Perez*, No. 17 Cr. 513 (AT), ECF Docket No. 98, (S.D.N.Y. Apr. 1, 2020) (granting release based on health issues and finding court could waive exhaustion requirement; government did not object based on defendant's medical conditions); *United States v. Eli Dana*, No. 14 Cr. 405 (JMF), ECF Docket No. 108 (S.D.N.Y. Mar. 31, 2020) (granting compassionate release motion without exhaustion of administrative remedies, where government consented); *United States v. Damian Campagna*, No. 16 Cr. 78 (LGS), 2020 WL 1489829, at *1 (S.D.N.Y. Mar. 27, 2020) (granting compassionate release sentencing reduction to defendant convicted of firearms offenses based on defendant's health and threat he faced from COVID-19; government consented to reduction and agreed health issues and COVID-19 were basis for relief).

Accordingly, given the exigent circumstances, specifically the serious threat to his health that Mr. Meli faces each day he is detained at MDC, we respectfully request that the Court grant Mr. Meli compassionate release or order that he serve the remainder of his sentence on home confinement. Furthermore, now that Mr. Meli has exhausted his administrative remedies, we respectfully ask that the Court order the government to respond to this motion no later than April 27, 2020. We thank the Court for its consideration.

Respectfully submitted,

/s/

César de Castro
Valerie A. Gotlib