UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

UNITED STATES OF AMERICA

-v.-

JOSEPH MELI,

        Defendant.
-----------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: May 4, 2020

17-CR-127 (KMW)

**OPINION & ORDER**

KIMBA M. WOOD, United States District Judge:

  Joseph Meli has moved to modify his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). Defendant seeks compassionate release, claiming that his history of cancer and pulmonary disease place him at a high risk of suffering severe illness should he contract COVID-19. The Government opposes his motion. Because Defendant's offense was extraordinarily serious, and because Defendant would pose a danger to the community were he to be released, Defendant's motion is DENIED.

## BACKGROUND

  Defendant was charged with defrauding over 100 investors of over $100 million through a multiyear fraud scheme in which Defendant falsely represented that he would use investor funds to make bulk purchases of tickets to live events for resale on the secondary market. (ECF Nos. 1, 58.) Defendant actually used the investor funds to pay back prior investors and to fund his lavish lifestyle. (*Id.*) Defendant was arrested on January 27, 2017, and eventually pled guilty to one count of securities fraud, pursuant to a plea agreement. (ECF Nos. 90, 92.) On April 3, 2018, this Court sentenced Defendant to a term of 78 months' imprisonment, at the bottom of his Guidelines range. (ECF Nos. 148, 155.)

A few months after his arrest, Defendant allegedly began another fraudulent scheme – committing and conspiring to commit securities and wire fraud – which lasted from approximately March 2017 through April 2018.  The allegedly renewed misconduct continued during plea negotiations, and concluded around the time Defendant was sentenced.  Those charges are currently pending.  *See United States v. Meli*, 19-CR-480 (S.D.N.Y.) (Abrams, J.).

On March 27, 2020, Defendant submitted a request to the Warden of the Metropolitan Detention Center (the "Warden"), seeking a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A).  (ECF No. 226.)  On the same day, Defendant submitted the instant motion to this Court.  (ECF No. 224.)  The Warden denied Defendant's request in writing on April 19, 2020.  (ECF No. 230-2.)

## LEGAL STANDARD

Under 18 U.S.C. § 3582(c)(1)(A), as modified by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), a court may reduce a defendant's sentence upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant.  A defendant may move under § 3582(c)(1)(A) only after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  *Id.*

A court may reduce a defendant's sentence only if the court finds that "extraordinary and compelling reasons warrant such a reduction," and "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission."  *Id.* § 3582(c)(1)(A)(i).  In making this determination, the court must consider the "the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable."  *Id.* § 3582(c)(1)(A).

Congress has delegated responsibility to the Sentencing Commission to "describe what

should be considered extraordinary and compelling reasons for sentence reduction." 28 U.S.C. § 994(t)).  The Sentencing Commission has determined that a defendant's circumstances meet this standard, *inter alia*, when the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover," or if, in the judgment of the Director of the Bureau of Prisons, the defendant's circumstances are extraordinary and compelling for "other reasons."  U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A), (D).  Following the passage of the First Step Act, courts may independently determine whether such "other reasons" are present in a given case, without deference to the determination made by the Director of the Bureau of Prisons.  *See United States v. Lisi*, No. 15-CR-457, 2020 WL 881994, at *3 (S.D.N.Y. Feb. 24, 2020) (Failla, J.).

In addition, the Sentencing Commission has determined that a court should reduce a defendant's sentence only after determining that "[t]he defendant is not a danger to the safety of any other person or to the community."  U.S.S.G. § 1B1.13(2).

## DISCUSSION

Defendant's motion is properly before the Court because 30 days have elapsed since the date of Defendant's request to the Warden.[1]  The Court assumes without deciding that Defendant's history of thyroid cancer and pulmonary disease, in the context of the COVID-19 pandemic, constitutes an extraordinary and compelling reason warranting a reduction in Defendant's sentence.

Nonetheless, the Court finds that releasing Defendant would be contrary to the Sentencing Commission's directive that courts should deny compassionate release to defendants

---

[1] The Government has withdrawn its argument that Defendant's motion is not fully exhausted.  (ECF No. 232.)

who pose a danger to their communities.  Defendant's fraud scheme lasted over a year and caused grave financial and emotional harm to his many victims.  At sentencing, this Court recounted the "enormous" scale and "heartbreaking" effects of Defendant's crime, and described Defendant as being "among the most culpable of fraud defendants in the United States."  (ECF No. 155 at 33–34.)  The Court stated that Defendant's characterization of his misconduct as a series of "mistakes," rather than accepting responsibility, heightened the need for individual deterrence in his case.  (*Id.* at 35.)   The Court, driven by the same concerns it expressed at sentencing, finds that Defendant would pose a danger to his community were he to be released.

As Defendant points out, some of the factors under 18 U.S.C. § 3553 weigh in Defendant's favor.  For instance, reducing Defendant's sentence might better "provide the defendant with needed . . . medical care" were he to contract COVID-19, and Defendant's "history and characteristics" include acts of kindness and generosity towards his friends and family.  *See* 18 U.S.C. § 3553(a)(1), (2)(D).  But Defendant's crime was extremely serious, and he poses a high risk of recidivism.  Thus, the considerations that favor Defendant are outweighed by "the need for the sentence imposed to reflect seriousness of the offense," "to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant." *Id.* § 3553(2)(B)– (D).

## CONCLUSION

For the foregoing reasons, Defendant's motion for a reduction of his sentence under § 3582(c)(1)(A) is DENIED.

SO ORDERED.

Dated: New York, New York
      May 4, 2020                                                /s/ Kimba M. Wood
                                                                                    KIMBA M. WOOD
                                                                             United States District Judge